851 F.2d 1501
 271 U.S.App.D.C. 274
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Michael J. GRIFFIN, Appellant.
 No. 87-3048.
 United States Court of Appeals, District of Columbia Circuit.
 April 20, 1988.
 
 Before MIKVA, EDWARDS and STARR, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from an order of the United States District Court for the District of Columbia and on briefs filed by the parties and argument by counsel. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir. Rule 14(c). For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the judgment of the district court be affirmed.
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM OPINION
 
 4
 Michael J. Griffin appeals from his conviction for the federal offense of possession of a firearm by a convicted felon in violation of 18 U.S.C. Sec. 922(g)(1), and for possession of a firearm without a license in violation of D.C.Code Sec. 22-3204. Griffin challenges, inter alia, the admission into evidence of a handgun found on his person and firearms seized from other passengers and from the car in which he was riding when arrested. Griffin also claims that the court erred in imposing a 15 year mandatory sentence without parole for conviction on the federal count.
 
 
 5
 We conclude that Griffin's Fourth Amendment arguments have no merit. We further hold that Griffin should seek review of his sentence by means of a Fed.R.Crim.P. 35 motion before the sentencing court. We therefore affirm the judgment of the district court.
 
 
 6
 On March 5, 1987, two squad cars of the District of Columbia Metropolitan Police began following a Chevy Blazer--a car known to be popular among local car thieves. The officers in the first car testified that their suspicions were aroused by the nervous behavior of the four men riding in the Blazer. After observing that a brake light was broken, the officers in the second car stopped the Blazer, and the first car arrived shortly thereafter. Upon approaching the car, one officer observed that the lock on the driver's door was broken. Another officer noticed ski gloves draped over the steering column section often cracked by auto thieves. This officer then moved the gloves, observed that the steering column was cracked, and immediately ordered the passengers out of the car. In the search that followed, the officers found a handgun in Griffin's possession and other firearms in the car and on the other passengers. The district court allowed admission of these firearms into evidence at Griffin's trial over his objection.
 
 
 7
 After trial, the jury found Griffin guilty of possessing a firearm as a felon, and of possessing a firearm without a license. Section 924(e)(1) of 18 U.S.C. mandates that firearm offenders who have been previously convicted of at least three violent felonies receive a minimum 15 year prison term without parole. Since the court found that Griffin had been convicted of three prior violent felony offenses, it sentenced him to the 15 year minimum term for the federal offense in addition to a consecutive 5 year term for the D.C.Code violation.
 
 
 8
 Griffin contends that the officer lacked probable cause to move the gloves in the car. He argues that the gun which the officers subsequently found on his person should have been suppressed as the fruit of an illegal search. This claim is without merit. The broken lock on the car's door, the suspicious behavior of the car's occupants, and the location of the gloves concealing an area which the officers knew was often smashed in order to steal a car, provided the officers with the requisite degree of cause to move the gloves. The fact that one officer noticed the broken lock and another officer moved the gloves does not change this result. "Probable cause may emanate from the collective knowledge of the police, though the officer who performs the act of arresting or searching may be far less informed." United States v. Hawkins, 595 F.2d 751, 752-753 n. 2 (D.C.Cir.1978), citing Smith v. United States, 358 F.2d 833, 835 (D.C.Cir.1966), cert. denied, 386 U.S. 1008 (1967). Once the gloves were moved and the steering column observed to be broken, the car's passengers were properly searched incident to arrest.
 
 
 9
 Griffin also challenges the admission into evidence of the other guns found in the car. The government claims that it presented this evidence solely to prove Griffin's knowledge that he carried a gun. Without deciding if the district court did in fact err by admitting this evidence, it is clear that Griffin was not harmed by its use. The remaining evidence provided overwhelming proof of Griffin's knowing possession of the gun. It is not plausible that the jury would have reached a different verdict had the "other guns" evidence been suppressed.
 
 
 10
 Finally, Griffin challenges the district court's application of 18 U.S.C. Sec. 924(e)(1) in sentencing him to 15 years without parole on the federal count. He claims that because one of his prior convictions has been vacated and another conviction was improperly counted twice by the district court, he does not have the requisite three prior convictions. However, Griffin did not raise this issue in the district court. Under the unique facts of this case, the district court, as the sentencing court, is in a better position to evaluate Griffin's claims, and to consider the current status of Griffin's prior criminal record if necessary. Griffin is free to challenge his sentence in the district court through a motion under Rule 35 of the Federal Rules of Criminal Procedure.
 
 
 11
 We have examined all of the appellant's other claims and find them to be without merit. For these reasons, the district court's judgment is affirmed.